Mimozi OMERI, Astrit Omeri, Emel Omeri, Emiliano Omeri, Petitioners,

v.

Eric H. HOLDER Jr., United States Attorney General, Respondent.[1]

No. 08–3237–ag.

United States Court of Appeals, Second Circuit.

March 17, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Andrew P. Johnson, New York, N.Y., for Petitioners.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Mimozi Omeri, a native and citizen of Albania, seeks review of a June 11, 2008 order of the BIA, affirming the March 1, 2007 decision of Immigration Judge ("IJ") Michael Straus, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Mimozi Omeri, Astrit Omeri, Emel Omeri, Emiliano Omeri,* Nos. A95 855 139/138/137/136 (B.I.A. June 11, 2008), *aff'g* Nos. A95 855 139/138/137/136 (Immig. Ct. Hartford, Conn. Mar. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411

F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Petitioners argue that the IJ committed reversible error when he denied their asylum application without making a credibility determination. We have held that in adjudicating an asylum application, an IJ is required to make an explicit credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). However, no magic words are required to do so. Here, no part of the IJ's decision indicates that he disbelieved petitioners' claim. Thus, while the IJ could have been *more* explicit, his decision was not so unclear as to deprive us of a "meaningful opportunity for review." *See Zaman v. Mukasey,* 514 F.3d 233, 238 (2d Cir.2008) (finding that the IJ had made a sufficiently explicit credibility determination where, "while the BIA's order does not explicitly tell us whether the IJ made an adverse credibility determination, neither does it indicate that the IJ's decision was anything else").

While the IJ found that petitioners did not demonstrate that they suffered past persecution, we need not review petitioners' challenge to that finding. As the IJ found, even if petitioners had suffered past persecution, conditions in Albania have changed sufficiently such that their fear of future persecution is no longer objectively well-founded. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006). The State Department Report in the record indicated that local police were under federal gov-

---

**2.** Mimozi Omeri listed her husband, Astrit Omeri, and their children, Emel and Emiliano Omeri, as derivative applicants on her appli-

cation for asylum and withholding of removal.

ernment control and that there was no continued persecution of members of the Democratic Party in Albania since that party took power. Contrary to petitioners' assertion that the IJ failed to make an individualized assessment, the IJ considered petitioners' argument that the Socialist Party had become more economically powerful, but found no evidence suggesting that the government would be unable or unwilling to protect them. The IJ also noted that petitioners "flourished and established a business" when the Democratic Party was previously in power. Therefore, the IJ properly denied petitioners' application for asylum. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see Hoxhallari*, 468 F.3d at 187.

Finally, we "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d). Because petitioners failed to exhaust their withholding of removal and CAT claims before the BIA, we are without jurisdiction to consider any challenge petitioners now make to the denial of that relief. *See id.; Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). We dismiss the petition for review to that extent.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.